**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                               No. CR 07-1334 WJ

ADRIAN MIKE,

      Defendant.

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS TO TERMS OF SUPERVISED RELEASE**

THIS MATTER comes before the Court on the Defendant's objection to the terms of supervised release imposed on him at his sentencing hearing. Having considered the parties' briefs and the applicable law, the Court finds that Defendant's objection will be SUSTAINED IN PART and OVERRULED IN PART.

**BACKGROUND**

On February 23, 2009, Defendant Adrian Mike pleaded guilty to violating 18 U.S.C. §§ 1153 and 113(a)(6), Crime in Indian Country, Assault Resulting in Serious Bodily Injury. See Plea Agreement [Doc. 42]. On May 11, 2009, this Court sentenced Mr. Mike to twenty-four months imprisonment and three years supervised release. The recommended conditions of supervised release included special sex offender conditions which the Court imposed because of Mr. Mike's 1998 conviction for sexual abuse. Defendant objected to the imposition of these special sex offender conditions on the grounds that such conditions are overly burdensome, unnecessary to meet the goals of sentencing, and are not related to the instant offense. In light of

Defendant's objections to the sex offender conditions of supervised release, the Court took the matter under advisement.

## ANALYSIS

A district court can, at least in some circumstances, impose special sex offender conditions of supervised release even when the underlying offense is not a sex crime. A sentencing court has broad discretion in setting the conditions of supervised release, so long as those conditions satisfy the statutory requirements of 18 U.S.C. § 3583(d). See United States v. Hahn, 551 F.3d 977, 983 (10th Cir. 2008). Section 3583(d) provides, in pertinent part:

> The court may order, as a further condition of supervised release, to the extent that such condition - (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . . . any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . .

In order to satisfy the requirements of § 3583(d), a condition of supervised release need not relate to all of the factors set out in 18 U.S.C. § 3553,[1] so long as it is reasonably related to at least one of them. United States v. Barajas, 331 F.3d 1141, 1146 (10th Cir. 2003) ("[E]very

---

[1] These factors include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant
(2) the need for the sentence imposed-
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
. . . .
18 U.S.C. § 3553.

2

circuit to have decided the issue has held that a condition of supervised release may be imposed despite not being related to every enumerated factor, so long as it is reasonably related to one or more of the factors . . . . We agree with these decisions."). See also United States v. McKissic, 428 F.3d 719 (7th Cir. 2005) (upholding a condition of supervised release forbidding defendant from using alcohol even though underlying offense did not involve alcohol use); United States v. Camp, 410 F.3d 1042 (8th Cir. 2005) (upholding imposition of child support payments and employment requirement as terms of supervised release where underlying offense was felon in possession of a firearm). Moreover, courts have explicitly held that the imposition of sex offender conditions of supervised release are not limited to cases where the underlying offense is a sex offense. For example, in Hahn the Tenth Circuit upheld the imposition of special sex offender terms of supervised release based on a conviction for lewd and indecent proposal to a child, even though the underlying offense was misapplication of financial institution funds. See generally 551 F.3d 997. See also United States v. York, 357 F.3d 14, 20 (1st Cir. 2004) ("[N]othing in [§ 3583(d)] limits the special condition of sex-offender treatment to defendants under prosecution for sex crimes."); United States v. Ross, 475 F.3d 871 (7th Cir. 2007) (affirming imposition of sex offender mental health assessment and treatment where underlying offense was making false statements to the FBI).

      The Government contends that both the reasoning and the result of Hahn should be adopted here. According to the Government, the imposition of special sex offender conditions is necessary to protect the public from further crimes of the Defendant because a psychosexual evaluation performed in 2004 revealed that Mr. Mike was "highly inclined to have a distorted cognitive attitude in which he felt he was not accountable for the difficulties in his life. He used justifications and excuses to keep from accepting full accountability for his sexually

3

irresponsible behaviors." Govt. Brf. [Doc. 47], at 4. Another mental health assessment indicated that Mr. Mike has poor impulse control. Id. The Government further points out that the sex crime for which Defendant Mike was convicted (the gang rape of an unconscious sixteen-year-old victim) was particularly gruesome, and that in 2007 Defendant failed to comply with sexual offender registration requirements. The Government argues that these factors together make imposition of the special sex offender conditions necessary to deter future criminal conduct and to adequately protect the public.

  The facts of this case are different from those which confronted the court in Hahn in at least one important respect. In Hahn, the state sex offense and the federal offense were committed within a few months of each other. See 551 F.3d at 979. By contrast, in this case the two relevant offenses occurred almost a decade apart; the sex offense Mr. Mike pled guilty to took place in 1997, when Mr. Mike was nineteen years old, while the conduct underlying his current conviction took place in 2006. The Tenth Circuit in Hahn made it clear that the temporal proximity, or lack thereof, between the imposition of special sex offender conditions of supervised release at sentencing and the actual sexual misconduct is a relevant factor in determining whether the imposition of such special conditions is appropriate. See id. at 984-85 (addressing at length an argument about temporal proximity). See also United States v. Carter, 463 F.3d 526 (6th Cir. 2006) (vacating special condition requiring participation in sex offender treatment program where sex offense was seventeen years old and recent stalking conviction not clearly sexual in nature); United States v. T.M., 330 F.3d 1235 (9th Cir. 2003) (sex offender conditions not warranted on conviction for marijuana possession when relevant sex offenses were a 20-year-old kidnapping conviction and a 40-year-old dismissed molestation charge). However, temporal proximity is only a relevant factor and not a determinative one. Various courts have held that the imposition of special sex offender conditions was appropriate even in cases where the sex offenses took place years before the relevant sentencing. See, e.g., United

States v. York, 357 F.3d 14, 17-18, 21 (1st Cir. 2004) (upholding sex offender conditions based on prior convictions for indecent assault on minors, nine years and three years before sentencing, respectively); United States v. Peterson, 248 F.3d 79, 84 (2d Cir. 2001) (holding that mandating sex offender therapy based on four-year-old conviction for sexual abuse was not an abuse of discretion) (vacated and remanded on other grounds).

In addition to considering the temporal relationship between the sex offense and the crime to which the special conditions are actually attached, courts have also considered the history and characteristics of the defendant. For example, in Hahn, the Tenth Circuit upheld the imposition of special sex offender conditions because, "[w]hile the sex offender conditions imposed on Mr. Hahn do not relate to the nature and circumstances of his offense, they do relate to his history and characteristics . . . ." 551 F.3d at 984 (going on to state that, among other things, the special conditions were reasonably related to the need to protect the public from further crimes of the defendant). Inversely, courts have disallowed the imposition of special sex offender conditions where the history and characteristics of the defendant suggested they were not necessary. For example, in United States v. Scott, the Eighth Circuit refused to impose special sex offender conditions at least in part because "this record contains no information indicating that Scott is likely to repeat the offense, or that additional restrictions on his freedom are necessary to deter him from doing so." 270 F.3d at 636.

In this case, unlike the Scott case, there is evidence of a risk that Mr. Mike will commit another sexual offense. As described above, psychosexual and psychological evaluations performed on Mr. Mike in 2004 and 2008 have shown that he has serious problems with substance abuse and poor impulse control. Govt. Brf. [Doc. 47] at 4. The Pre-Sentence Report (PSR) further indicates that in 2004 Mr. Mike "displayed significant psychosexual distortions on the Rape Stereotype Scale and the Bumby Cognitive Distortion (Molest) Scale." PSR at 17, ¶ 49. The 2008 evaluation indicated that "[w]hen he becomes upset, the defendant is highly prone to

engage in acting-out behaviors including drinking and physical assaults." Id. at 18, ¶ 51. The potential for recidivism in this case is underscored by the fact that in 2007 Mr. Mike pled guilty to failure to comply with sex offender registration requirements. The Court also notes that, while only one of Defendant's crimes was a sex offense, both crimes involved a violent assault. This underlying similarity between the two crimes, together with the results of the psychological evaluations performed on Mr. Mike, the particularly gruesome nature of his sexual offense, and his failure to comply with sex offender registration requirements are sufficient to convince the Court that special sex offender conditions of release are appropriate. The Court finds that the special conditions of release are consistent with a sentence that is sufficient, but not greater than necessary, to protect the public from further crimes of Mr. Mike and to provide Mr. Mike with correctional treatment in the most effective manner possible. See 18 U.S.C. § 3553(a)(2)(C) and (D).

However, to the extent that the special conditions prohibit Mr. Mike from possessing or using a computer for the period of the supervised release, the Court finds that this condition is unrelated to any of the goals or considerations set out in § 3553(a). There is no evidence that either one of Defendant's prior crimes were in any way related to the use of a computer. Furthermore, any benefit of imposing such a condition is outweighed by the significant inconvenience and burden it would create for Mr. Mike. See United States v. Peterson, 248 F.3d 79 (2d. Cir. 2001) (imposition of sex offender conditions barring use of computer and internet following conviction for bank larceny was improper where there was no evidence that defendant's past incest offense involved computers or the internet). The Court hereby orders that Mr. Mike shall be permitted to possess and use a computer, but that any computer he does possess will be subject to monitoring by the probation department.

## CONCLUSION

The Court finds that, with the exception related to the use and possession of a computer,

the special sex offender conditions of release are appropriate in this case.

THEREFORE, IT IS ORDERED that Defendant's objections to the imposition of special sex offender conditions of supervised release are SUSTAINED with respect to his ability to use and possess a computer during his term of supervised release, but that the Defendant's objections are otherwise OVERRULED.

IT IS FURTHER ORDERED that Defendant's special conditions of supervised release shall be modified in accordance with this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE